**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Olaf Peter Juda,              ) | No. CV 07-1982-PHX-JAT |
| )  | |
| Petitioner,    ) | **ORDER** |
| ) | |
| vs.                                 ) | |
| ) | |
| Craig Apker,                   ) | |
| ) | |
| Respondent.   ) | |
| ) | |

Pending before this Court is Petitioner's Amended Petition for Writ of Habeas Corpus ("Petition") filed pursuant to 28 U.S.C. § 2241. On February 27, 2009, the Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R & R") recommending that the Petition be denied. Doc. #24. Petitioner filed objections to the R & R on March 9, 2009. Doc. #27.

**Standard of Review**

When reviewing an R & R issued by a Magistrate Judge, this Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the [M]agistrate." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original). Because Petitioner filed objections to the Magistrate Judge's R & R,

this Court will review the Magistrate Judge's recommendations on Petitioner's Petition *de novo*.

Pages 1 through 5 of the R & R recite the factual and procedural history of this case. R & R at 1-5. After reviewing the record, the R & R, and Petitioner's objections, this Court finds Petitioner was correct in his objection to a minor inaccuracy pertaining to the facts and this Court modifies the discussion of the facts, as to that inaccuracy.[1] The Petitioner does not object to the remainder of the factual and procedural history, and thus the Court hereby accepts it. Next, pages 5-6 of the R & R lay out the law governing the due process rights of prisoners when losing good conduct time credits ("good time credits"). *Id.* at 5-6. This discussion correctly summarizes the law governing what must occur for a federal court to consider the merits of a habeas claim for the loss of good time credits arising under 28 U.S.C. § 2241, and the Court hereby accepts and adopts this legal framework.

**Discussion**

Petitioner objects to the R & R on two grounds: (1) that the incident was properly handled in an informal manner; and (2) that prison officials violated the Code of Federal Regulations Title 28 sections 541.14 and 541.15. (Objection to R & R, Doc. #27, p. 2.) Petitioner also requests an evidentiary hearing because he alleges that there are facts in dispute. (Doc. #27, p. 2-3, 6.)

**I.     Ground 1: Informal Resolution**

As recounted in the R & R, Petitioner argued that Lieutenant Hammond resolved the issue informally, and thus the subsequent disciplinary hearing was invalid under 28 U.S.C.

---

[1] Petitioner objects that the R & R was inaccurate in stating that he demonstrated the FM transmitter on Lieutenant Hammond's computer. (Doc. #27, p. 2.) Petitioner argues that he demonstrated it on Lieutenant Hammond's radio. *Id.* After reviewing the record, it appears the Magistrate Judge misstated this fact; the demonstration was performed on a radio and not a computer. This Court modifies the factual summary in the R & R on this point. Further, Petitioner objects to another fact summarized in the R & R, but it appears Petitioner is arguing the truthfulness of the fact and not the accuracy of the fact. Accordingly, this Court does not alter the R & R's factual summary on this point, but addresses that objection in the discussion section.

- 2 -

§ 541.14.  R & R at 7-8.  The Magistrate Judge found Petitioner was charged with a Code 199 violation, which under 28 U.S.C. § 541.14 is an offense in the Greatest or High Severity Category, and cannot be resolved informally.  *Id*. at 8.  Petitioner does not dispute that he was charged with a series Code 100 infraction, and that under 28 U.S.C. § 541.14 such an infraction cannot be resolved informally.  (Doc. #24, p. 2.)  However, he argues that because Curtis Logan, the Disciplinary Hearing Officer ("DHO"), found him guilty of a reduced Code 305 infraction, which could be resolved informally, his punishment should be limited to the initial confiscation of the FM transmitter by Lieutenant Hammond.  (Doc. #27, p. 2.)

The Code of Federal Regulations 28 U.S.C. § 541.14 provides that "[e]xcept for prohibited acts in the Greatest or High Severity Category, the Lieutenant *may* informally dispose of the Incident Report or forward the Incident Report for investigation consistent with this section." (emphasis added).  The resolution of the matter is within the discretion of the Lieutenant.  Here, the Lieutenant at no time disposed of the Incident Report, and therefore the matter was not resolved informally.  Further, there is no requirement that it had to be resolved informally.  Therefore, this Court denies relief on Petitioner's Ground One.

### A.    **Evidentiary Hearing**

Petitioner next argues that there are two important factual errors in the R & R and based on these "factual disputes" he requests an evidentiary hearing.  (Doc. #27, p. 2-3, 6.)  First, Petitioner objects to the Magistrate Judge's factual account in the R & R that he demonstrated the operation of the FM transmitter on Lieutenant Hammond's computer. (*Id.*) at 2.  He argues this demonstration was performed on the Lieutenant's radio. (*Id.*)  After reviewing the R & R's cite to the Disciplinary Hearing Officer's Report ("Report") it is clear that the R & R misstated the fact on record.  The Report states the demonstration performed was on Lieutenant Hammond's radio, and the Court hereby accepts that fact.  Accordingly, this inaccuracy does not warrant an evidentiary hearing.

Second, Petitioner objects to the statement made in Curtis Logan's Declaration that "[a] signal jammer had never been found at TCI [Taft Correctional Institute] before." (Doc.

1  #24, p. 2-3.)  Here, Petitioner argues an evidentiary hearing is necessary because this fact is
2  in "dispute."

3  Petitioner argues that a FM transmitter had been found at Taft Correctional Institute
4  ("TCI").  (Doc. #24, p. 2-3.)  Specifically, Petitioner argues inmates who worked for
5  maintenance services installed these FM transmitters in every television set at TCI.  (*Id.* at
6  3.)  Courts defers to the disciplinary committee's factual findings unless "they are clearly
7  unsupported."  *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989).  Petitioner has not
8  alleged that there is evidence of any other prisoners being caught with this type of FM
9  transmitter.  Therefore, there is no evidence that this factual finding is clearly unsupported.

10  Additionally, even if Petitioner could prove this fact, it would not change the outcome
11  of this case.  The DHO found Petitioner was in "possession of anything not authorized" in
12  violation of Code 305.  Therefore, the DHO did not rely on the "fact" that the signal jammer
13  had never been found at TCI before as a basis for his decision.  Further, Petitioner never
14  argues he was authorized to possess the transmitter.   Thus, even if the DHO had relied on
15  this fact, even if Petitioner could prove that other inmates also possessed an unauthorized
16  item, such proof would not be a basis for this Court to find the disciplinary committees's
17  factual findings regarding Petitioner to be clearly unsupported.

18  When the "record conclusively shows that petitioner is not entitled to habeas corpus
19  under 28 U.S.C. § 2241, no evidentiary hearing [is] required."  *See Anderson v. United*
20  *States*, 898 F.2d 751, 753 (9th Cir. 1980).  On this record, even if Petitioner's "disputed" facts
21  were found in Petitioner's favor, Petitioner would not be entitled to relief.  Accordingly, this
22  Court denies Petitioner's request for an evidentiary hearing.

23  **II.    Ground 2: Code of Federal Regulation Violations**

24  Petitioner argues that TCI officials violated 28 C.F.R. §§ 541.14 and 541.15 during
25  this disciplinary action, and thus violated his due process.  (Doc. #27, p. 3-5.)  Petitioner has
26  a right to procedures which meet minimum constitutional due process standards before he
27  is deprived of a substantive liberty interest.  *Wolff v. McDonnell*, 418 U.S. 539, 554-58

28

- 4 -

1  (1976).  Due process requires the satisfaction of procedural safeguards in a disciplinary
2  hearing in which a prisoner may be deprived of good time credits.  *See id.* at 563-70.
3       The Magistrate Judge found in the R & R that the Government met these procedural
4  safeguards and that substantial evidence exists to support the DHO's decision.  R & R at 6-7.
5  Therefore, the Magistrate Judge found Petitioner's due process rights were not violated and
6  recommended the denial of Petitioner's request for reinstatement of his good time credits.
7  *Id.* at 7.  After reviewing the record this Court agrees with the R & R.[2]  Therefore, the Court
8  adopts the R & R on this point, and denies Petitioner's request for reinstatement of his good
9  time credits.
10      Based on the foregoing,
11 **IT IS ORDERED** that the R & R (Doc. #24) is accepted to the extent indicated
12 above, the objections (Doc. #27) are overruled to the extent indicated above, the Petition is
13 denied, with prejudice, and the Clerk of the court shall enter judgment accordingly.
14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /

---

[2] However, the Court does not adopt the specific five procedural safeguards listed in the R & R.  Having read *Wolff*, this Court finds that the safeguards are more flexible than the R & R suggests.  For example, *Wolff* states that the Petitioner is entitled to staff assistance only if he is illiterate or if the issues are complex.  418 U.S. at 570.  Because Petitioner herein received staff assistance, it is not an issue in this case; but this Court disagrees with the summary in the R & R that suggests such assistance is always required.  R & R at 6; *see Cassady v. McFarland*, 779 F.2d 1426, 1428 (9th Cir. 1985) ("In *Wolff*, the Supreme Court found that the Due Process Clause imposed three requirements that prison officials must meet before the revocation of good-time credits....")

1 **IT IS FURTHER ORDERED** that review of the record revealed there was a typographical error on the certificate of service of Respondent's Answer.  (Doc. #16 at 9.)  The Court does not find that a typographical error justifies striking an answer, thus to the extent Petitioner seeks this remedy, it is denied.  However, the Clerk of the Court shall mail a copy of Respondent's Answer (Doc. #16) to Petitioner with a copy of this Order.

DATED this 8th day of May, 2009.

_____
James A. Teilborg
United States District Judge